NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0284n.06

No. 11-3276

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Mar 13, 2012**

LEONARD GREEN, Clerk

)
DAVID DORAN,                                          )
                                                     )
     Plaintiff-Appellant,                         )    ON APPEAL FROM THE UNITED
                                                     )    STATES DISTRICT COURT FOR
v.                                                   )    THE SOUTHERN DISTRICT OF
                                                     )    OHIO
COMMISSIONER OF SOCIAL SECURITY,                     )
                                                     )
     Defendant-Appellee.                          )

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. David Doran, who is represented by counsel, appeals a district court order that granted the government's motion to alter or amend its previous decision that reversed the Commissioner's denial of his application for social security disability insurance benefits.

Doran filed his application for benefits in November 2000, alleging that he was disabled due to a rotator cuff tear in his left shoulder, a left arm and shoulder impingement, depression, and anxiety. Doran has a high school education and was previously employed as an ironworker, soldier, equipment operator, and construction worker. Although Doran has not worked since July 2000, he returned to school to study computer science.

An administrative law judge (ALJ) held three hearings on Doran's application for benefits before concluding that Doran could still perform a significant number of jobs in the economy despite his impairments. The Appeals Council declined to review the ALJ's decision, which therefore constitutes the final decision of the Commissioner. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). Thereafter, Doran filed a timely request for judicial review with the district court.

The district court remanded the case to Commissioner for further analysis regarding the inconsistencies between statements made by the vocational expert and the definitions in the Dictionary of Occupational Titles concerning the jobs which Doran was found to be able to perform by the Commissioner.

At a 2006 hearing, following the remand, a vocational expert testified that a person with Doran's limitations could perform such jobs as an office clerk, security guard, and parking lot attendant. Following this hearing, the ALJ again denied Doran's request for benefits based on the vocational expert's testimony. The Appeals Council declined to review the ALJ's decision.

Doran again sought judicial review of the Commissioner's decision. The case was referred to a magistrate judge who recommended affirming the denial of benefits. The magistrate judge rejected Doran's argument that the vocational expert's testimony was inconsistent with the residual functional capacity determination made by the ALJ. The magistrate judge also rejected Doran's objection that office clerk jobs in the local and national economy did not exist in a significant number.

Doran filed objections to the magistrate judge's report, but the government did not file a response. The district court reversed the Commissioner's decision with instructions to award benefits because the government had failed to respond to Doran's objections. The government then filed a motion to alter or amend the district court's decision, pursuant to Federal Rule Civil Procedure 59(e), arguing that it had not waived its challenge to Doran's claim simply because it had opted not to file a response to Doran's objections. The district court granted the government's Rule 59(e) motion, finding that the Commissioner's decision was supported by substantial evidence.

On appeal, Doran challenges the district court's grant of the Rule 59 motion which resulted in the denial of benefits. He also contends that the Commissioner's decision is not supported by substantial evidence and that there are not a substantial number of jobs in the economy that he could perform.

The vocational expert based her opinion on the exhibits in the record showing that Doran could lift ten pounds or under, could walk or stand six and one-half to eight hours per day, and could

sit five and one-half hours to eight hours per day. The vocational expert noted that Doran's ability to concentrate and to be supervised were impaired. The vocational expert stated that Doran's impairments prevented him from working directly with the general public or performing a job that was inherently highly stressful. Doran was not precluded, however, from performing activities with regular attendance and a regular schedule. Doran could complete a normal workday and workweek without interruptions from psychologically-based symptoms. He could also perform at a consistent pace without an unreasonable number of rest periods.

The vocational expert testified that a person with Doran's limitations could perform such positions as an office clerk, night security guard, and parking lot attendant. The vocational expert noted that there were no discrepancies between the descriptions of these jobs in the Dictionary of Occupational Titles and her testimony regarding the physical and mental requirements of these jobs.

Doran argues that the government should not have been permitted to oppose Doran's claim by filing a Rule 59 motion, rather than filing objections to the magistrate judge's report. The argument is without merit. As we have explained for decades, the waiver rule approved in *Thomas v. Arn*, 474 U.S. 140, 155 (1985), is not jurisdictional. *Kent v. Johnson*, 821 F.2d 1220, 1222-23 (6th Cir. 1987); *Patterson v. Mintzes*, 717 F.2d 284, 286 (6th Cir. 1983). We are free to address the parties' claims on the merits. *See Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 714-15 (6th Cir. 2001). A district court may grant a timely Rule 59 motion to alter or amend judgment to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

In social security cases, we must determine whether the Commissioner's findings of fact are supported by substantial evidence, and whether the Commissioner applied the correct legal standards. *Blakey v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). A decision is supported by substantial evidence when "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks omitted). We defer to an ALJ's findings if they are supported by

substantial evidence, even if the record supports an opposite conclusion. *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604-05 (6th Cir. 2009).

The basis of Doran's appeal is that the vocational expert did not accurately reflect the ALJ's determinations regarding Doran's residual functional capacity, including his skill level and exertional capabilities. Doran also argues that, by referring to the medical-vocational guidelines, *see* 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ had determined that Doran could perform only unskilled sedentary jobs, and that only one job described by the vocational expert fell into this category. Doran then argues that, as a result, the government failed to meet its burden at step five of the sequential evaluation of his disability because there are not a significant number of available jobs for this position. *See Cole v. Asture*, 661 F. 3d 931, 939 (6th Cir. 2011).

The vocational expert explained, and took into account, any discrepancy between the Dictionary of Occupational Titles and her testimony, including the combination skilled and semi-skilled jobs under the Dictionary of Occupational Titles's office clerk position. The vocational expert excluded those positions requiring semi-skilled work. Therefore, the ALJ properly relied on the vocational expert's testimony, which included the vocational expert's personal observations and experience with jobs requiring such "mixed" ranges of skills and exertion. *See* 20 C.F.R. Pt. 404, Subpt P, App. 2, § 200.00(d).

Regarding the number of available unskilled office jobs, we have found no "magic number" in evaluating whether a job exists in significant numbers. This factor is determined on a case-by-case basis. *See Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988). However, we need not decide this issue because for the other positions that the vocational expert identified that Doran could perform, the security guard and parking lot attendant positions, because thousands of these jobs exist on a national basis.

The district court's order is affirmed.